UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NOLAN LEGEAUX ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-13773** |
| **BORG-WARNER CORPORATION ET AL.** | **SECTION I** |

## ORDER AND REASONS

Plaintiffs Nolan Legeaux and Susan Legeaux have filed a motion[1] to remand this asbestos lawsuit. The motion is opposed by defendants Puget Sound Commerce Center, Inc., Vigor Industrial LLC, and Vigor Shipyards, Inc. (collectively, the "removing defendants"). For the following reasons, the motion is denied.

## STANDARD OF LAW

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks

---

[1] R. Doc. No. 40.

subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

## ANALYSIS

Plaintiffs argue that the removing defendants did not follow the correct procedure for removal, that there are non-diverse defendants, and that the federal officer removal statute, 28 U.S.C. § 1442, does not confer jurisdiction under these facts. Because the Court concludes that diversity jurisdiction exists and that the removal was not procedurally improper, the Court does not reach the question of whether removal was appropriate under 28 U.S.C. § 1442. *See In re Fema Trailer Formaldehyde Prod. Liab. Litig.*, No. 07-1873, 2011 WL 976464, at *1 (E.D. La. Mar. 15, 2011) ("[B]ecause this Court finds that it has diversity jurisdiction over this matter under section 1332, it need not consider the arguments relative to jurisdiction under the Federal Officer Removal Statute[.]").

First, there was nothing procedurally improper about the removal. Only those defendants who have been properly joined and served at the time of removal must consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A).[2] Plaintiffs attempted to serve BorgWarner Morse TEC LLC ("Borg-Warner") by mail using the Louisiana long-arm statute, Louisiana Revised Statutes 13:3201, *et seq*.[3] When a plaintiff attempts service using a state's long-arm statute, state law governs whether the service is

---

[2] The statute provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

[3] R. Doc. No. 42-1.

proper. *Stogner v. Neilsen & Hiebert Sys., Inc.*, No. 07-4058, 2008 WL 4587304, at *1 (E.D. La. Oct. 15, 2008) (Vance, J.).

Borg-Warner was not properly served prior to removal because plaintiffs first mistakenly mailed the citation to the wrong address.[4] *See Johnson v. Univ. Med. Ctr. In Lafayette*, 968 So. 2d 724, 725 (La. 2007) ("It is well settled that service of process made on one other than the person authorized to accept such service is illegal and without effect."). Plaintiffs do not contest that, after they requested that the Clerk of Court re-issue the citation to the correct address, Borg-Warner did not receive the corrected service until August 12, 2016.[5] This lawsuit was removed one day earlier, on August 11, 2016.[6]

"[A] defendant is not 'properly joined and served' for the purposes of 28 U.S.C. § 1446(b)(2)(A), which governs whether a defendant must 'join in or consent to the removal of an action' by a co-defendant, until it actually receives (or refuses to receive) formal process sent by registered or certified mail[.]" *Baxter v. Anderson*, No. 16-142, 2016 WL 3748720, at *5 (M.D. La. June 21, 2016), *report and recommendation*

---

[4] Plaintiffs do not rebut the removing defendants' argument that service was mailed to the wrong address, nor could they. Plaintiffs mailed the citation to "The Corporation [sic] Company, 30600 Telegraph Rd, Ste 2345, Birmingham Farms, MI 48025." R. Doc. No. 42-1, at 2. Attached to the removing defendants' opposition is a printout from the Delaware Secretary of State's website which provides that Borg-Warner's registered agent is "The Corporation Trust Company," located at "Corporation Trust Center 1209 Orange St, Wilmington, DE 19801." R. Doc. No. 42-2, at 2. The correctness of this information is supported by the fact that plaintiffs later requested that the Clerk of Court re-issue the citation to the Delaware address. R. Doc. No. 42-3, at 2.
[5] R. Doc. No. 42-5, at 1.
[6] R. Doc. No. 1.

*adopted*, No. CV 16-142, 2016 WL 3747614 (M.D. La. July 11, 2016). Because Borg-Warner had not been served as of August 11, 2016, Borg-Warner's consent was not required for removal.

Furthermore, there was no need for Western Oceanic Services, Inc. to consent to removal because it is a nominal party. *See In re Beazley Ins. Co.*, No. 09-20005, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009) (no need for nominal parties to consent to removal). In determining whether a party is nominal, "a court asks whether, in the absence of the party, the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Id.* Nominal parties are generally those without a real interest in the litigation. *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985).

"In making such a determination, courts may pierce the pleadings and, even though the petition may state a claim against the nonremoving defendant, the case may be removed if the defendants show by evidence outside the pleadings that there is no reasonable basis to predict that plaintiffs could establish a claim against the nominal defendant." *Jacob v. Greyhound Lines, Inc.*, No. 02-2199, 2002 WL 31375612, at *4 (E.D. La. Oct. 21, 2002) (Vance, J.). "In so doing, courts may examine 'summary judgment type evidence,' [but must also] consider all of the factual allegations in the light most favorable to plaintiffs and resolve all of the contested issues of fact in favor of plaintiffs." *Id.* (citation omitted). "Furthermore, the Court must resolve any uncertainties as to the current state of controlling substantive law in favor of plaintiffs." *Id.* (citation omitted). Thus, defendants "must show, as a

matter of law, that there is no reasonable basis for predicting that the plaintiffs might establish liability on their claim against [Western Oceanic]." *Id.* (citation omitted).

A corporation's capacity to sue or be sued in federal court is determined by the law of the state in which it is incorporated. Fed. R. Civ. P. 17(b). Under Delaware law, a dissolved corporation can neither sue nor be sued more than three years after dissolution. Del. Code tit. 8, § 278. Both parties agree that Western Oceanic was a Delaware corporation that was dissolved in 1996.[7] However, plaintiffs argue that Western Oceanic remains amenable to suit because it is listed as an "active" company on the Louisiana Secretary of State's website.[8] Plaintiffs' allegation, even if correct, is not relevant.

When "deciding whether a dissolved corporation can be sued, federal courts applying Louisiana law have held that Louisiana will apply the law of the corporation's state of incorporation." *Bisso Marine Co. v. Conmaco, Inc.*, No. 99-227, 1999 WL 804072, at *3 (E.D. La. Oct. 7, 1999) (Vance, J.); *see also Lone Star Industries, Inc. v. Redwine*, 757 F.2d 1544, 1548, 1548 n.3 (5th Cir. 1985) (applying Delaware law to determine viability of Delaware corporation after dissolution). Because Western Oceanic was dissolved in Delaware more than three years ago, plaintiffs could not maintain an action against it under Delaware law. Accordingly, Western Oceanic's consent to removal was not required.[9]

---

[7] R. Doc. No. 42-6, at 2.
[8] R. Doc. No. 40-6, at 2.
[9] The Court expresses no view on the removing defendants' representation that "[t]he only way Western Oceanic could become amenable to suit is through the appointment

Second, complete diversity exists between the parties. "Removal is improper when the action against a nondiverse defendant is automatically stayed [due to bankruptcy] after the plaintiff files suit in state court, but removal is proper if the bankruptcy court stays all actions against the nondiverse party before the plaintiff files suit." *Bourke v. Exxon Mobil Corp.*, No. 15-5347, 2016 WL 836872, at *5 (E.D. La. Mar. 4, 2016) (Morgan, J.) (citation omitted). Eagle, Inc. does not destroy diversity because Eagle declared bankruptcy before this lawsuit was filed in state court.[10]

Finally, the citizenship of Taylor-Seidenbach, Inc. is irrelevant. U.S. Magistrate Judge Roby recently denied[11] plaintiffs' motion to add Taylor-Seidenbach as a defendant.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that no later than **October 31, 2016**, plaintiffs shall file a brief with the Court indicating whether they oppose dismissing Western Oceanic Services, Inc. If they do oppose dismissing Western Oceanic, then plaintiffs shall—citing appropriate case law—explain (1) how it is permissible to maintain

---

of a trustee." R. Doc. No. 42, at 7 (citing *In re Krafft-Murphy Co., Inc.*, 82 A.3d 696, 710 (Del. 2013)).

[10] In *Bourke v. Exxon Mobil Corp.*, another case involving Eagle, Judge Morgan recognized that Eagle filed for bankruptcy on September 22, 2015. No. 15-5347, 2016 WL 836872, at *5.

[11] R. Doc. No. 44.

Western Oceanic as a defendant in spite of Del. Code tit. 8, § 278, and (2) whether a trustee must be appointed to maintain Western Oceanic as a defendant. If plaintiffs oppose dismissal, the removing defendants shall file a response by **November 4, 2016**. After considering the parties' arguments, the Court will determine whether Western Oceanic should be dismissed.

New Orleans, Louisiana, October 24, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**