UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NOLAN LEGEAUX, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-13773** |
| **BORG-WARNER CORPORATION, ET AL** | **SECTION: "I" (4)** |

**ORDER;**

Before the Court is the Defendant BorgWarner Morse TEC, Inc.'s **Motion for Leave (R. Doc. 107)** seeking leave of the Court to file a Third-Party Complaint against Johns-Manville n/k/a Claims Resolution Management Corporation, a subsidiary of the Manville Personal Injury Settlement Trust ("the Trust"). The motion is unopposed. The motion was submitted on February 8, 2017 and heard without oral arguments.

**I.    Background**

This action was removed from the Civil District Court for the Parish of Orleans on August 11, 2016 on the basis of 28 U.S.C. §§ 1332 diversity jurisdiction on the motion of Defendants Puget Sound Commerce Center, Inc., Vigor Industrial LLC, and Vigor Shipyards, Inc. R. Doc. 1. In particular, the Plaintiffs allege that Plaintiff Nolan Legeaux worked in construction, at industrial plants, and at ship yards from 1965 through 1979 during which time he was exposed to asbestos. R. Doc. 1-1, p. 6. Plaintiffs further allege that Nolan Legeaux suffered severe injuries and damages as a result of his exposure to asbestos, particularly Lung Cancer. *Id.* at p. 6-7. Plaintiffs filed the instant action originally against twenty-three Defendants who manufactured, sold, designed, supplied, distributed, mined, milled, re-labeled, re-sold, processed, applied, or installed products containing asbestos and five Defendants who employed or owned the premises where the Plaintiff worked. The Plaintiffs seek damages from the Defendants under theories of negligence, product

1

liability, strict liability against premise owners, and strict liability against employers. R. Doc. 1-1, p. 8-15.

At this time, Defendant BorgWarner Morse TEC, Inc. ("BorgWarner") seeks leave of the Court to file a Third-Party Complaint against Johns-Manville n/k/a Claims Resolution Management Corporation, a subsidiary of the Manville Personal Injury Settlement Trust ("the Trust"). R. Doc. 107. Johns-Mansville manufactured and produced products that Plaintiff Nolan Legaux came into contact with during the relevant time period. *See* R. Doc. 107-3. Moreover, Johns-Manville was formerly the largest miner of asbestos and a major manufacturer of insulating materials and other asbestos products. *See, e.g., Kane v. Johns-Manville*, 843 F.2d 636, 639 (2d. Cir. 1988).

## II. Standard of Review

Federal Rule of Civil Procedure 14(a)(1) states that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or ***may*** be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it filed the third-party complaint more than 14 days after serving its original answer." *Id* (emphasis added). Courts are granted wide discretion in determining whether to permit third-party claims. *McDonald v. Union Carbide Corp.,* 734 F.2d 182, 184 (5th Cir.1984).

Courts have applied several factors when deciding whether to allow a third-party complaint. The factors are: "(1) prejudice placed on the other parties, (2) undue delay by adding the third-party plaintiff, (3) lack of substance to the third-party claim, and (4) advancing the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues)." *Id.* at 183 (citation omitted). The third-party defendant "must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery, or that the defendant must attempt to *pass on* to the third party

all or part of the liability asserted against the defendant." *United States v. Joe Grasson & Son, Inc.,* 380 F.2d 749, 750–52 (5th Cir.1967); *United States ex rel. Branch Consultants, LLC v. Allstate Insurance Co.,* 265 F.R.D. 266, 272 (E.D. La.2010) (quoting *Joe Grasson* ).

Rule 14(a) exists to bring in "third parties who are *derivatively* liable to the impleading party." *Vinmar Overseas, Ltd. v. OceanConnect, LLC,* 2012 WL 5989206, at *3 (S.D. Tex. Nov.29, 2012) (*citing Hassan v. La. Dep't of Transp. & Dev.,* 1999 WL 642861, at *2 (5th Cir. July 26, 1999)) (emphasis in original); *see also Briones v. Smith Dairy Queens, Ltd.,* 2008 WL 4200931, at *2 (S.D.Tex. Sept.9, 2008) *(quoting Anadarko Petrol. Corp. v. Great Plains Gas Compression, Inc.,* 2007 WL 38327, at *1 (S.D.Tex. Jan.4, 2007)) ("[s]uch complaints require that the 'defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.'").

### III. <u>Analysis</u>

A lengthy analysis of the propriety of Defendant BorgWarner's motion is unnecessary. First, the Plaintiff's motion for leave to file a third-party complaint was timely filed per the District Court's scheduling order. R. Doc. 78. Second, the motion is unopposed, and the Court notes that the Manville Personal Injury Settlement Trust already has a third party complaint filed against it in this action (R. Doc. 105).

Third, and finally, the Court notes that the third-party complaint appears to easily comport with the requirements of Rule 14. Given the lack of opposition, timeliness, and that the Trust has already been made a party to this action, there would be no prejudice in allowing the third-party complaint. There has also been no undue delay in the filing of the complaint. The complaint also does not lack substance as the Plaintiff Nolan Legeaux worked with John-Manville products, which are a possible source of the Plaintiff's asbestos exposure at the center of the Plaintiff's

claims. If the Trust is liable, Trust would be derivatively liable for its virile share of contribution to any and all amounts owed to the Plaintiffs. *See Cole v. Celotex Corp.*, 599 So.2d 1058, 1068 (La. 1992). Finally, allowing the complaint would advance the purposes of Rule 14 to avoid duplicitous suits on closely related litigation.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant BorgWarner Morse TEC, Inc.'s **Motion for Leave (R. Doc. 107)** is **GRANTED.**

New Orleans, Louisiana, this 8th day of February 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**